UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-371-GCM
(3:93-cr-129-GCM-HM-1)

ANTONIO VLADIMAR STOWE MCDANIEL,

      **Petitioner,**

vs.                                    **ORDER**

UNITED STATES OF AMERICA,

      **Respondent.**

**THIS MATTER** is before the Court on Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), Supplement to Petitioner's *Pro Se* Motion to Vacate Sentence Under 28 U.S.C. § 2255 and Alternative Petitioner for Writ of Error Coram Nobis, (Doc. No. 3), the Government's Motion to Dismiss, (Doc. No. 13), and Petitioner's Motion for Leave to File Sur-Reply, (Doc. No. 16).

**I.    BACKGROUND**

Petitioner pleaded guilty in the underlying criminal case to a single count of using and carrying a firearm during and in relation to a crime of violence, "to wit: an assault on a deputy marshall in violation of 18 U.S.C. § 111…." (Doc. 1-1 at 2). The offense involved Petitioner shooting at a deputy U.S. Marshal during a vehicle chase involving Petitioner and another individual. See (3:93-cr-129-GCM (CR) Doc. No. 26) (Presentence Investigation Report). Petitioner was sentenced to 36 months' imprisonment followed by three years of supervised release. (CR Doc. 13); see also (CR Doc. 24) (Amended Judgment). Petitioner did not appeal.

In 2005, Petitioner was convicted in case number 3:05-cr-14-RJC of multiple counts including a § 924(c) violation that resulted in an enhanced 300-month consecutive sentence

1

based on his prior § 924(c) conviction in the 1993 case. See (3:05-cr-14-RJC, Doc. No. 41). The Fourth Circuit affirmed on direct appeal. United States v. McDaniel, 290 F. App'x 562 (4th Cir. 2008), *cert. denied* McDaniel v. United States, 555 U.S. 1018 (2008).[1]

Petitioner filed a *pro se* § 2255 Motion to Vacate in the instant case on June 10, 2016, arguing that his § 924(c) conviction in the 1993 case is unconstitutional pursuant to under Johnson v. United States, 135 S. Ct. 2551 (2015). Counsel filed a Supplement on Petitioner's behalf arguing that the Court should vacate the Judgment and correct Petitioner's sentence pursuant to § 2255 or § 1651 under Johnson. Counsel argues that Petitioner's § 924(c) conviction was predicated on his use or possession of a firearm in relation to assault on a deputy marshal in violation of 18 U.S.C. § 111(a), which is not a crime of violence under § 924(c)'s force clause. Counsel argues that coram nobis relief is available under § 1651 because Petitioner's sentence has been completely served; Johnson is a valid reason for failing to attack the conviction earlier; Petitioner's 25-year consecutive sentence for a second § 924(c) conviction in the 2005 case is a substantial adverse consequence; and the error is fundamental in that it is a due process violation.

The instant case was stayed for several years pending the Fourth Circuit's consideration of United States v. Ali, Case No. 15-4433 and United States v. Simms, Case No. 15-4640. (Doc. No. 6). The stay was lifted following the United States Supreme Court's issuance of United States v. Davis, 139 S. Ct. 2319 (2019). (Doc. No. 9). Petitioner filed a Supplemental Memorandum in support of § 2255 relief and, alternatively, a writ of error coram nobis, through

---

[1] Presently pending in case number 3:16-cv-445-RJC is a § 2255 Motion to Vacate challenging the 2005 Judgment, arguing it is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015) because, *inter alia*, the consecutive sentence for the § 924(c) count was improperly enhanced based on the invalid 1993 § 924(c) conviction. The § 2255 proceedings in case number 3:16-cv-445-RJC are stayed pending the resolution of the instant § 2255 or the Fourth Circuit's mandate in United States v. Ali, Case No. 15-4433, whichever occurs first.

2

Case 3:93-cr-00129-GCM-HM   Document 27   Filed 09/24/20   Page 2 of 9

counsel. (Doc. No. 10). Counsel argues that the Shepard-approved[2] documents demonstrate that the underlying § 924(c) offense was no more than a violation of § 111(a)(1) which is not categorically a crime of violence pursuant to Johnson. Counsel further argues that, even if the Shepard-approved documents could establish that the § 924(c) count was predicated on a § 111(b) violation, it still fails to satisfy Johnson because it can be established by *mens rea* of recklessness.

The Government filed a Motion to Dismiss, (Doc. No. 13), arguing that Petitioner cannot pursue relief under § 2255 because he is no longer in custody in that case, having completed supervised release in 1997. The Government further argues that Petitioner's request for coram nobis relief should be denied because Petitioner has failed to carry his burden of showing the existence of extraordinary circumstances. Specifically, the Government argues that: other avenues of relief exist in that Petitioner could have challenged the § 924(c) charge by proceeding to trial and moving for judgment of acquittal and pursuing a direct appeal regarding the sufficiency of the evidence that he used or carried a firearm during and in relation to a crime of violence, by filing a § 2255 petition while he was in custody, and by filing a § 2255 petition in the 2005 criminal case, which he has done; Petitioner cannot show a valid reason for waiting 19 years to attack his conviction; and the alleged error is not of the most fundamental character as § 111(b) is a crime of violence under § 924(c)'s force clause as established by Petitioner's admissions during the plea colloquy and Petitioner cannot establish that he is actually innocent.

Petitioner filed a Response, (Doc. No. 14), in opposition to the Motion to Dismiss reiterating the arguments that coram nobis should be granted.

---

[2] Shepard v. United States, 433 U.S. 13 (2005).

The Government filed a Reply, (Doc. 15), arguing that Petitioner does not contest the Court's lack of jurisdiction under § 2255 and that he has not met his burden to show extraordinary circumstances warranting coram nobis relief. The Government argues that the Court is not limited to <u>Shepard</u>-approved documents when determining whether the offense constitutes a crime of violence and that Petitioner attempts to improperly shift the burden of proof to the Government. The Government argues that it is Petitioner's burden to establish, in light of the record as a whole, that his claim presents an error of the most fundamental character; Petitioner's assertion that he was convicted under an unconstitutional statute is incorrect because § 924(c) remains valid and his assertion that a due process violation necessarily results in a fundamental error requiring redress is not supported by the record, which shows that Petitioner's shooting at a U.S. Marshal supports his conviction and there is no reasonable probability that he would not have pleaded guilty to the § 924(c) offense even if the residual clause had been invalid at the time of his guilty plea.

Petitioner filed a Motion for Leave to File Sur-Reply (Doc. No. 16) arguing that the Government has improperly attempted to convert his claim into one of ineffective assistance of counsel by applying the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Petitioner further argues that the Government misunderstands the factual circumstances that delayed Petitioner's filing of the instant petition and the nature of Petitioner's claim challenging the enhanced § 924(c) sentence in case number 3:16-cv-445. The Government opposes the Motion for Leave to File a Sur-Reply. (Doc. No. 16 at 3).

**II. STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence,

4

or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The All Writs Act, 28 U.S.C. § 1651(a), authorizes courts to hear petitions for writ of coram nobis. United States v. Morgan, 346 U.S. 502, 512 (1954). A coram nobis petition is "of the same general character as one under 28 U.S.C. § 2255," but is available to petitioners who are no longer "in custody" and cannot seek habeas relief under § 2255 or § 2241. Morgan, 346 U.S. at 506; see Chaidez v. United States, 568 U.S. 342 (2013) (noting that the parties agree that nothing in the case turns on the difference between a coram nobis petitioner and habeas petition and assuming, without deciding, that they are correct). The writ of error coram nobis is a "remedy of last resort," United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012), and is narrowly limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice,'" United States v. Denedo, 556 U.S. 904, 911 (2009) (quoting Morgan, 346 U.S. at 511).

In the Fourth Circuit, a petitioner seeking coram nobis relief must show that "(1) a more usual remedy [such as habeas corpus] is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Akinsade, 686 F.3d at 252 (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)). An error of "the most fundamental character" is on that has "rendered the proceeding itself irregular and invalid." United States v. Addonizio, 442 U.S. 178, 186 (1979) (quoting United States v. Mayer, 235 U.S. 55, 69 (1914)). A court reviewing such a petition must

presume that the underlying proceedings were correct and "the burden rests on the [petitioner] to show otherwise." Morgan, 346 U.S. at 512.

**III. DISCUSSION**

The Court lacks jurisdiction over Petitioner's request for § 2255 relief because he was not "in custody" when he filed his Petition. See 28 U.S.C. § 2255(a); Maleng v. Cook, 490 U.S. 488, 490–91 (1989) (discussing the "in custody" requirement of 28 U.S.C. § 2254). Therefore, to the extent that Petitioner seeks relief pursuant to § 2255, it will be dismissed and denied.

The Court must then determine whether Petitioner is entitled to coram nobis relief pursuant to § 1651.[3] Assuming *arguendo* that Petitioner can demonstrate the existence of prongs (1) through (3) of the Akinsade test, he has failed to demonstrate pursuant to prong (4) that an error of the most fundamental character occurred. The Judgment, which had been final for nearly two decades when Petitioner filed the instant Petition, is presumed to be correct. It is Petitioner's burden to demonstrate that a fundamental error occurred which rendered the proceeding itself irregular and invalid.

Because the Indictment does not identify the subsection of § 111 underlying Petitioner's § 924(c) conviction, Petitioner asks the Court to assume that the offense relied upon the least-culpable subsection, § 111(a)(1), which is not categorically a crime of violence. However, doing so would improperly shift the burden of proof to the Government and would fail to accord the long-final conviction a presumption of correctness. Petitioner has not come forward with any evidence demonstrating that his § 924(c) conviction relied on § 111(a)(1). His reliance on the

---

[3] Petitioner's Motion for Leave to File Sur-Reply will be granted to the extent that the Court has considered the arguments contained in the proposed Sur-Reply.

absence of evidence in this regard is insufficient to carry his coram nobis burden of proof.[4] See Morgan, 346 U.S. at 512 ("Of course, the absence of a showing of [the error] from the record does not of itself invalidate the judgment. It is presumed the proceedings were correct and the burden rests on the accused to show otherwise.").

The Court also rejects Petitioner's alternative argument that his § 924(c) conviction should be vacated even if the underlying offense was a violation of § 111(b). The Fourth Circuit has found that a § 924(c) conviction based on § 111(b) is not plainly erroneous. See United States v. Lewis, 724 F. App'x 269, 270 (4th Cir. 2018). Petitioner, therefore, cannot rely on such an alleged error to support his petition for coram nobis relief. See Bereano v. United States, 706 F.3d 568, 577 (4th Cir. 2013) ("an appellant who would not be entitled to relief on direct appeal could never be entitled to the extraordinary writ of coram nobis").

Further, the Court finds that the circumstances of this case do not call upon it to exercise its discretion to grant Petitioner any relief from his conviction in the 1993 case. The record that is available to the Court at this late date reveals that Petitioner pleaded guilty to a § 924(c) offense that, by all accounts, would have been easily proven at trial and which Petitioner did not attempt to challenge by moving to withdraw his plea, appealing, or filing a timely § 2255 post-conviction motion. See (CR Doc. No. 26). His present conclusory and insufficient allegations of error fail to call the validity of the guilty plea into question in any way. Therefore, the Government's Motion to Dismiss will be granted and the § 2255 Motion to Vacate that alternatively seeks coram nobis relief will be dismissed and denied.

---

[4] It may well be impossible for Petitioner to identify the subsection of § 111 upon which his § 924(c) conviction rested. However, it is his burden to do so. It would undermine the finality of the criminal proceedings and unduly burden the Government to require it to unearth such proof to support a Petition that was filed nearly two decades after the guilty plea was entered. Indeed, the Government attached to its Motion to Dismiss a letter from the Clerk of this Court stating that the transcript of Petitioner's 1993 plea colloquy is no longer available. (Doc. No. 13-1 at 1).

7

## IV. CONCLUSION

For the foregoing reasons, the Respondent's Motion to Dismiss, (Doc. No. 13), is granted, Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and Supplement to Petitioner's *Pro Se* Motion to Vacate Sentence Under 28 U.S.C. § 2255 and Alternative Petitioner for Writ of Error Coram Nobis, (Doc. No. 3), are dismissed and denied, and Petitioner's Motion for Leave to File Sur-Reply, (Doc. No. 16) is granted to the extent stated in this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Motion to Dismiss, (Doc. No. 13), is **GRANTED**.

2. Petitioner's *pro se* § 2255 Motion to Vacate, (Doc. No. 1), and Supplement to Petitioner's *Pro Se* Motion to Vacate Sentence Under 28 U.S.C. § 2255 and Alternative Petitioner for Writ of Error Coram Nobis, (Doc. No. 3), are **DISMISSED** and **DENIED**.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

4. The Clerk is instructed to close this case.

Signed: September 24, 2020

Graham C. Mullen
United States District Judge